PER CURIAM.
|1Writ granted. A fair reading of the testimony at the motion to suppress hearing reveals the officers had reasonable suspicion to believe the defendant was trespassing upon abandoned and unoccupied property when they called him from the alley next to the boarded-up residence. See New Orleans City Code § 54-153; La. Rev.Stat. 14:63. While an arrest requires probable cause, an investigatory stop requires only the lesser standard of reasonable suspicion; that is, the officer need only possess some minimal level of objective justification to believe the person is committing, has committed, or is about to commit an offense. See State v. Lampton, 12-1547 (La.4/5/13), 110 So.3d 557 (citations omitted); La.Code Crim. Proc. art. *1160 215.1. That suspicion flowered into probable cause to arrest the defendant for trespassing when he produced an identification card with an address in another area of the city. See State v. Brisban, 00-3437, p. 8 (La.2/26/02), 809 So.2d 923, 929 (“Probable cause deals with probabilities and recognizes that a degree of uncertainty may exist. Although mere suspicion cannot justify an arrest, the officer does not need sufficient proof to convict.”) (citations omitted). Although the officers did not ultimately arrest the defendant for trespassing, they possessed probable cause to do so when the search of the pill bottle was effected. Accordingly, the warrantless seizure of the unlabeled pill bottle containing white | gpills that the defendant had in “plain view” in his hand, and the subsequent search of the pill bottle to determine its contents, were lawful as incident to a valid arrest. See State v. Sherman, 05-0779, pp. 17-18 (La.4/4/06), 931 So.2d 286, 297 (“Where the police have probable cause to arrest, and conduct a search of that person incident to arrest, the fruits of that search may not be suppressed merely because the police did not intend to arrest the suspect for the offense for which probable cause existed.”). Because the search and seizure in this case were lawful, the district court abused its discretion in granting the defendant’s motion to suppress evidence. For these reasons, the district court’s ruling is reversed, and the matter is remanded for further proceedings.
HUGHES, J., concurs.
JOHNSON, C.J., would deny the writ.